UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD PAULMANN                                                                             PLAINTIFF

v.                                                         NO. 3:13-CV-00021-CRS-DW

HODGDON POWDER CO., INC. et al.                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on a motion to remand filed by the plaintiff, Richard Paulmann ("Plaintiff"), against the defendants, Hodgdon Powder Co., Inc. ("Hodgdon"), Dick's Sporting Goods, Inc. ("Dick's"), Thompson/Center Arms Co., LLC ("Thompson/Center"), Smith & Wesson Holding Corp., and Smith & Wesson Corp. (collectively, "Defendants"). (DN 39).

**I.**

Plaintiff allegedly purchased a Thompson/Center Black Diamond muzzleloading rifle from Dick's in 2001. In December 2011, Plaintiff returned to Dick's and purchased Pyrodex muzzle loading propellant RS manufactured by Hodgdon for use in the muzzleloading rifle. Plaintiff claims that on or about December 17, 2011, while using the muzzleloading rifle with the Pyrodex propellant, the rear portion of the rifle's barrel and breach plug exploded and discharged. Plaintiff alleges that he suffered severe and permanent injuries to his face and right thumb as a result of the explosion and discharge.

Plaintiff filed this action in Jefferson Circuit Court on December 14, 2012. The complaint raised several claims against Defendants, including claims for strict liability, breach of warranty, negligence, and failure to warn. Defendants removed the action to this court on

January 7, 2013 on the basis of diversity jurisdiction.[1] (DN 1). Defendants argue that they are diverse from Plaintiff[2] and that the action meets the court's amount in controversy requirement, as Plaintiff seeks the following damages: (1) permanent impairment of the power to labor and earn money; (2) past and future lost wages; (3) past and future medical expenses; (4) past and future pain and suffering; (5) "lost enjoyment of life;" and (6) costs, expenses, and "all other relief" to which he may be entitled. (DN 1-1, ¶ 47). As required under Kentucky law, Plaintiff did not specify the specific amount of damages sought in his complaint, but he indicated that his damages would exceed the minimum jurisdictional amount for Kentucky circuit courts. *See* Ky. R. Civ. P. 8.01(2).

After the action was removed to this court, Plaintiff filed Rule 26 initial disclosures and answers to interrogatories in which he alleged that his damages totaled $660,500. Yet on January 9, 2014, several months after filing the disclosures and interrogatory answers, Plaintiff moved to remand the action to Jefferson Circuit Court on his stipulation that the amount in controversy does not exceed the jurisdictional requirement for the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (DN 39). For their part, Defendants argue that the action was properly removed because the amount in controversy requirement was met at the time of removal, which it contends is confirmed by Plaintiff's initial disclosures. Having reviewed the parties' briefs and being otherwise sufficiently advised, the court will now consider Plaintiff's motion to remand.

## II.

Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable only if it could have originally been brought in federal court. 28 U.S.C. § 1441(a). Thus, "a district court

---

[1] Defendants Smith & Wesson Corp., Smith & Wesson Holding Corp., and Thompson/Center jointly filed the notice of removal (DN 1), to which Defendants Hodgdon and Dick's have filed written consents (DN 1-2).
[2] Plaintiff appears to concede that the parties are diverse.

must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007). One source of original jurisdiction is diversity of citizenship jurisdiction, which is present only in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "A defendant seeking to remove a case to federal court has the burden of proving that the district court possesses jurisdiction." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (citation omitted).

### III.

Plaintiff seeks to remand the action on his stipulation that the amount in controversy does not exceed $75,000, exclusive of interests and costs. Thus, the issue in this action is whether Plaintiff's stipulation is sufficient to divest the court of subject matter jurisdiction. In making this determination, we must consider whether the stipulation is being used to *reduce* the amount in controversy or, alternatively, to *clarify* the amount in controversy for the first time. *See Agri–Power, Inc. v. Majestic JC, LLC*, 2013 WL 3280244, *3 (W.D. Ky. June 27, 2013); *Proctor v. Swifty Oil Co., Inc.*, 2012 WL 4593409, *3 (W.D. Ky. Oct. 1, 2012). The Sixth Circuit has held that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); *see also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) (holding that "a plaintiff may not *reduce* or *change* her demand by stipulation in response to a removal action for the sole purpose of avoiding federal jurisdiction") (emphasis

in original). However, post-removal stipulations that clarify the amount in controversy can serve as the basis for remand if they are binding and equivocal. *Spence v. Centerplate*, 931 F. Supp. 2d 779, 781 (W.D. Ky. 2013) (citation omitted). Clarifying stipulations are "helpful under Kentucky law, where plaintiffs cannot initially state an affirmative damages award in their complaint, so long as the plaintiff does not later reduce or change her demand by stipulation for the purpose of avoiding federal jurisdiction." *Id.* at 781–82 (citing *Egan*, 237 F. Supp. 2d at 776).

Plaintiff argues that his stipulation that his damages will not exceed $75,000 is a clarification of the damages sought in his complaint rather than a reduction of the amount claimed in his complaint. Conversely, Defendants argue that the stipulation is improperly being used to reduce, rather than clarify, the amount in controversy. According to Defendants, Plaintiff certified through his post-removal Rule 26 disclosures and interrogatory answers that he was seeking a sum of at least $660,500 in damages, and the stipulation impermissibly attempts to defeat diversity jurisdiction by reducing the amount claimed in Plaintiff's previous damage statements to a sum not exceeding $75,000.

No court in this district has addressed the particular situation before the court, in which Plaintiff first valued his claim for damages in post-removal disclosures and later submitted a stipulation as to a lesser amount of damages. However, based on the facts in front of us, we must classify Plaintiff's stipulation as one seeking to reduce the amount in controversy so as to avoid removal. This is not a situation in which a stipulation is being used to clarify the amount of damages sought for the first time in the action because Plaintiff previously indicated in both his Rule 26 disclosures and interrogatory answers that the amount in controversy in this action

exceeds $75,000. Subsequent events which would reduce this amount do not constitute grounds for remand. *Rogers*, 230 F.3d at 872; *Egan*, 237 F. Supp. 2d at 776–77.

Thus, the stipulation can only be treated as an attempt to reduce or change Plaintiff's demand, as Plaintiff's motions and settlement letters indicate that his stipulation as to a lesser amount in controversy arose after "[d]iscovery ha[d] progressed" in the matter and after post-removal consultation between Plaintiff and his counsel. (DN 39-1, p. 1). The law is clear that Plaintiff cannot reduce his claim or demand in this manner in an attempt to avoid removal. *See Rogers*, 230 F.3d at 872; *Egan*, 237 F. Supp. 2d at 776. Therefore, we will deny Plaintiff's motion for remand (DN 39) by separate order.

April 24, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**