UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RICHARD PAULMANN                                             PLAINTIFF

v.                                                  NO. 3:13-CV-00021-CRS-DW

HODGDON POWDER CO., INC. et al.                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on Defendant Dick's Sporting Goods, Inc.'s ("Dick's") unopposed motion to dismiss. (DN 50). For the reasons stated below, the court will grant Dick's motion to dismiss by separate order.

In this products liability action, Plaintiff alleges that he was injured on or about December 17, 2011, when the Thompson/Center Black Diamond muzzleloading rifle that he was using suddenly exploded and discharged. Plaintiff alleges that he purchased the rifle from Dick's in 2001, and separately purchased the Pyrodex muzzle loading propellant RS that he used in the rifle from Dick's in December 2011.

Plaintiff filed this action in Jefferson Circuit Court on December 14, 2012 against the defendants, Dick's, Hodgdon Powder Co., Inc., Thompson/Center Arms Co., LLC, Smith & Wesson Holding Corp., and Smith & Wesson Corp., asserting claims for strict liability, breach of warranty, negligence, and failure to warn. The defendants removed the action to this court on January 7, 2013 on the basis of diversity jurisdiction. (DN 1).

Dick's has now moved to dismiss Plaintiff's claims against it or, in the alternative, for summary judgment. (DN 50). Because Dick's submitted an affidavit with its motion to dismiss, we will treat this motion as one for summary judgment. *Jones v. Cincinnati*, 521 F.3d 555, 562

(6th Cir. 2008) (citing Fed. R. Civ. P. 12(d)).  A court may grant a motion for summary judgment if it finds that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff has failed to respond to or otherwise oppose this motion within the allotted time period.  Failure to respond to a dispositive motion will be grounds for granting the motion.  *See Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (recognizing that a party's lack of response to a motion or argument therein is grounds for the district court to assume opposition to the motion is waived, and grant the motion); *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, *2 (6th Cir. 1989) (unpublished table decision) (affirming the district court's grant of an unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").  Accordingly, given that Plaintiff failed to respond or otherwise oppose Dick's motion, the court deems Plaintiff to have waived opposition.  Dismissal is thus warranted on this basis.

Alternatively, dismissal is warranted even if the court examines the merits of Plaintiff's claims against Dick's.  The arguments set forth in Dick's motion to dismiss are well taken and supported factually and legally.  Dick's has introduced evidence which establishes an absence of

records of the sale of either the rifle or the gunpowder to Plaintiff.[1] Plaintiff has not presented receipts or other proof that he actually purchased these items from Dick's.

Yet even without this evidence, Plaintiff's claims are barred by Kentucky's Middleman Statute, which states that

> In any product liability action, if the manufacturer is identified and subject to the jurisdiction of the court, a wholesaler, distributor, or retailer who distributes or sells a product, upon his showing by a preponderance of the evidence that said product was sold by him in its original manufactured condition or package, or in the same condition such product was in when received by said wholesaler, distributor or retailer, shall not be liable to the plaintiff for damages arising solely from the distribution or sale of such product, unless such wholesaler, distributor or retailer, breached an express warranty or knew or should have known at the time of distribution or sale of such product that the product was in a defective condition, unreasonably dangerous to the user or consumer.

KRS § 411.340. All of these requirements are met in the instant action. The manufacturers of the rifle and the gunpowder are named parties in this action, and there are no allegations that Dick's sold the rifle and gunpowder other than in their original manufactured condition. Plaintiff alleges in the complaint that Dick's knew or should have known that the rifle and the gunpowder were defective, and that Dick's breached express warranties, but Plaintiff does not allege additional facts from which the court can infer that Dick's breached any express warranty or that Dick's should have been aware of the alleged defects in the rifle and gunpowder. In sum, Plaintiff's complaint does not allege facts sufficient to remove Dick's from the protection of Kentucky's Middleman Statute. *See Funk v. Wagner Mach., Inc.*, 710 S.W.2d 860, 862 (Ky. Ct. App. 1986) (finding that "whether the distributors knew or should have known the product was defective or 'unreasonably dangerous to the user or consumer' would have been a fact issue to be

---

[1] Dick's submitted an affidavit with its motion to dismiss in which Dick's manager of claims affirms that Dick's could not locate either the records verifying the purchase of the muzzle loader or those verifying the purchase of the gunpowder. (DN 50-2).

resolved by a jury if the appellant alleged there to exist any fact from which such knowledge could be inferred").

Accordingly, the court will grant Dick's motion to dismiss (DN 50) as unopposed, and any claims against Dick's will be dismissed.

August 15, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**